UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANA D. GONZALEZ,

    Plaintiff,

v.

NEW YORK MART MD, INC.,

    Defendant.

Civil Action No. TDC-20-0020

**MEMORANDUM OPINION**

Plaintiff Ana D. Gonzalez filed this civil action in which she alleged that Defendant New York Mart MD, Inc. ("NY Mart") and another defendant failed to pay her at the minimum wage and provide her with overtime pay, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 (2018), the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-413 to 3-415 (LexisNexis 2016), and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509. After a three-day trial, the jury returned a verdict in favor of Gonzalez on her claims against NY Mart and awarded her a total of $50,000 in damages. The Court entered judgment against NY Mart in that amount. ECF No. 62. Pending before the Court is Gonzalez's Motion for Attorneys' Fees, which is fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED IN PART and DENIED IN PART.

**DISCUSSION**

In her Motion, Gonzalez seeks an award of attorney's fees and costs pursuant to the FLSA MWHL, and MWPCL, which permit such an award to a prevailing party. 29 U.S.C. § 216(b);

Md. Code Ann., Lab. & Empl. § 3-427(d)(1)(iii); Md. Code Ann., Lab. & Empl. § 3-507(b)(1). Gonzalez was represented throughout this litigation by Mariusz Kurzyna, Esq. of the law firm of Zipin, Amster & Greenberg, LLC on a contingency basis. Gonzalez initially requested $68,421.00 in attorney's fees and $6,782.81 in costs. In her reply brief, Gonzalez revised her request, adding the time spent researching and drafting the reply brief, resulting in a revised demand of $72,640.50 in attorney's fees and $6,782.81 in costs. NY Mart does not dispute that Gonzalez was a prevailing party eligible for an award of attorney's fees and costs but opposes the award of any attorney's fees because the Motion did not comply with Federal Rule of Civil Procedure 54(d)(2)(B) and, in the alternative, argues for a significantly reduced award on the grounds that the proposed amount is unreasonable and excessive.

**I.   Legal Standard**

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The MWHL and MWPCL also contain fee-shifting provisions. Md. Code Ann., Lab. & Empl. § 3-427(d)(1)(iii) ("If a court determines that an employee is entitled to recovery in an action under this section, the court shall award to the employee . . . reasonable counsel fees and other costs."); Md. Code Ann., Lab. & Empl. § 3-507(b)(1) ("[T]he court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs.").

**II.  Timeliness**

As an initial matter, NY Mart argues that Gonzalez should not be awarded any attorney's fees or costs because Gonzalez did not comply with Federal Rule of Civil Procedure 54(d)(2)(B), which states that "[u]nless a statute or a court order provides otherwise," a motion for attorney's

2

fees must be filed no later than 14 days after entry of the judgment, state the grounds for the award, and the amount sought. Fed. R. Civ. P. 54(d)(2)(B). NY Mart argues that Gonzalez's Motion, filed on May 12, 2022 and within 14 days of the entry of the judgment, failed to specify the judgment, the statute, or the amount sought. Gonzalez provided that information in her Memorandum in Support of Plaintiff's Motion for Attorney's Fees, filed on June 15, 2022. Local Rule 109.2(b) provides that "[a]ny motion requesting the award of attorneys' fees must be supported by a memorandum" providing certain specified information, including "the nature of the case [and] the claims as to which the party prevailed" and "a detailed description of the work performed broken down by hours or fractions thereof expended on each task." D. Md. Local R. 109.2(b). Local Rule 109.2(a) states that while "any motion requesting the award of attorneys' fees must be filed within fourteen (14) days of the entry of judgment," the memorandum required by Local Rule 109.2(b) "must be filed within thirty-five (35) days from the date the motion is filed." D. Md. Local R. 109.2(a).

Because "[l]ocal rules constitute 'order[s] of the court' under Rule 54(d)(2)(B)," and Local Rule 109.2 is fairly construed as permitting a party to provide the details of an attorney's fee motion in the memorandum to be filed within 35 days of the motion, the Court finds that Gonzalez complied with Rule 54(d)(2)(B) by filing her accompanying memorandum within 35 days of her motion. *See First Penn-Pacific Life Ins. Co. v. Williams R. Evans, Chartered*, 659 F. Supp. 2d 727, 730 (D. Md. 2009); *see Gaskins v. BFI Waste Serv., LLC*, 281 F. App'x 255, 259 n.6 (4th Cir. 2008) (stating that a provision of "Rule 54(d)(2)(B) may be preempted by a local rule creating some different time frame for the filing of fee petitions"). Accordingly, the Court may, and in its discretion will, award attorney's fees and costs.

3

## III. Lodestar Calculation

In calculating an award of attorney's fees, a court first "determine[s] the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)).

In determining the reasonableness of the billing rates and hours worked to be used in a lodestar calculation, the United States Court of Appeals for the Fourth Circuit has directed courts to consider the following factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "*Johnson* factors"):

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*McAfee*, 738 F.3d at 88 & n.5. A court is not required to conduct a specific analysis of each of the *Johnson* factors if they are considered and addressed more broadly. *See, e.g., Imgarten v. Bellboy Corp.*, 383 F. Supp. 2d 825, 836 (D. Md. 2005); *Murrill v. Merritt*, No. DKC-17-2255, 2020 WL 1914804, at *3 (D. Md. Apr. 20, 2020). Here, the Court finds that, upon consideration, the seventh, tenth, and eleventh *Johnson* factors are not particularly relevant to the present case.

### A. Reasonable Rates

In considering the reasonableness of the proposed hourly rates, the Court primarily considers the fourth, fifth, ninth, and twelfth *Johnson* factors. The reasonable hourly rate requirement is typically met by compensating attorneys at prevailing market rates in the

4

community, ordinarily "the community in which the court where the action is prosecuted sits." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). This Court's Local Rules provide presumptively reasonable hourly rates keyed to an attorney's years of experience. *See* D. Md. Local R. App. B.

Here, Gonzalez has requested that the Court apply an hourly rate for her counsel of $435.00 per hour and an hourly rate for paralegals of $150 per hour. Where Gonzalez's counsel has 17 years of experience, the proposed counsel rate is slightly higher than the applicable Local Rules guideline range of $275 to $425 per hour for attorneys with 15 to 19 years of experience. The proposed paralegal rate falls within the Local Rules guideline range of $95 to $150 per hour. *See* D. Md. Local R. App. B.3. Though the Local Rules guideline ranges are non-binding, they are "presumptively reasonable." *EEOC v. Freeman*, 126 F. Supp. 3d 560, 575 (D. Md. 2015).

In arguing for the slightly higher counsel rate, Gonzalez asserts that the proposed rate is reasonable because it is effectively within the Local Rules guideline range when those rates are adjusted for inflation, it is the regular rate that her counsel charges paying clients, and it is at or below the rates charged by other firms in the area doing similar work. Gonzalez has submitted a declaration from a local employment law practitioner "familiar with the rates charged by Maryland employment attorneys with various levels of experience," with Kurzyna and the attorneys at his firm and their "excellent reputation within the employment bar," and with the "specialized skill and knowledge" required to litigate wage and hour cases, who based on that knowledge, believes that the $435 hourly rate is reasonable, particularly where he is "aware of attorneys with similar experience, skill, and reputation who charge higher hourly rates." Godfrey Decl. ¶¶ 4, 7–9, Mot. Ex. 4, ECF No. 65-4; *see Depaoli v. Vacation Sales Assocs., LLC*, 489 F.3d 615, 622 (4th Cir. 2007) (noting that the prevailing market rate can be determined by evidence of what attorneys earn

5

from paying clients in similar circumstances). The affidavit of a local attorney "familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community" is sufficient to verify the prevailing market rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009). In contrast, NY Mart, while arguing that the proposed rate is too high in light of the relatively basic issues in this case, has not submitted any similar evidence arguing for a lower rate. This declaration, which addresses the second, third, fifth, and ninth *Johnson* factors, provides substantial support for the reasonableness of the hourly rates.

Based on the present record, and based upon a consideration of the relevant *Johnson* factors, the Court finds that the proposed hourly rates set forth above are reasonable with the following adjustment. The Court will reduce the hourly rate applicable to Kurzyna from $435 to $425, because the $435 figure is outside of the Local Rules range for attorneys with 15-19 years of experience. Where the Court has not typically adjusted these rates for inflation, and Gonzalez has not provided sufficient facts to support the specific adjustment requested, the Court will not do so. While this figure is lower than Kurzyna's standard billing rate, where the attorney took this case on a contingency basis and was thus prepared to litigate this case potentially without compensation, such a difference remains consistent with the sixth *Johnson* factor, the attorney's expectations at the outset of the litigation. Nevertheless, the argument that billing rates have increased since the adoption of the present Local Rules guidelines and Kurzyna's higher standard hourly rate both provide support for the high-end rate of $425 per hour.

### B. Reasonable Hours

As for the reasonableness of the hours worked, the Court primarily considers the first, second, third, and eighth *Johnson* factors. Gonzalez has provided charts reflecting actual hours worked by Gonzalez's counsel and paralegals with descriptions of the specific tasks performed.

6

*See* Mot. Ex. 2, ECF No. 65-2; Reply Ex. 1, ECF No. 67-1. Gonzalez has also organized the hours by litigation phase, as required by the Local Rules. *See* Mot. at 6, ECF No. 65; D. Md. Local R. App. B.1. In considering the submitted charts, the Court finds that the general tasks performed by the attorney and paralegals were reasonable under the circumstances of this case. This case spanned more than two years and involved fact discovery, settlement efforts, and a trial. While the claims fell under the familiar rubric of minimum wage and overtime claims, the primary dispute in the case centered on the application of the joint employer doctrine to a novel set of facts, which necessitated significant legal analysis.

In objecting to the reasonableness of the hours billed, NY Mart primarily argues that the 19.5 hours spent by Gonzalez's counsel on "trial preparation" between April 22, 2022 and April 25, 2022 and the 35.2 hours spent on alternate dispute resolution ("ADR") were excessive, considering the limited discovery and minimal exhibits presented at trial. This objection implicates the first, second, and third *Johnson* factors. The Court agrees in part with NY Mart's objection as to ADR. Where the parties only had one formal settlement conference for 2.3 hours and four counsel-only telephone conferences for a total of 2.4 hours, the Court finds that 35.2 hours spent on ADR is excessive. Although the Court applauds Gonzalez's commitment to resolving the case without further litigation, the Court agrees with NY Mart that 30.5 hours outside of formal conferences is beyond what was warranted in this case. Accordingly, the Court will reduce the number of attorney hours for ADR outside of settlement conferences or telephone conferences, presumably consisting of preparation time, to 16 hours, or two full work days. *See Spell v. McDaniel*, 852 F.2d 762, 767–68 (4th Cir. 1988) (calculating a reasonable number of hours that counsel exercising billing judgment could have charged). Accordingly, the Court will reduce the request for the ADR category by 14.5 hours.

7

As for trial preparation, the Court disagrees with NY Mart and finds that 19.5 hours spent the weekend before and during the first day of a federal trial is reasonable and not excessive. To the extent that NY Mart argues that the trial testimony of paralegal David Vidal-Irizarry renders work by Kurzyna on the same issue duplicative, the Court finds that Gonzalez's discussion in the reply brief adequately explains the situation, and no adjustments are necessary.

The Court's adjustments and the underlying methodology satisfy the Supreme Court's recognition that "[t]he essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The Court's revised calculation of attorney's fees, based on the Court's adjustments to the hourly rates and billable hours, is $64,857.50.

## IV. Adjustments to the Lodestar Amount

After calculation of the lodestar amount, the Court must then "subtract fees for hours spent on unsuccessful claims unrelated to successful ones" and then award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *McAfee*, 738 F.3d at 88 (quoting *Robinson*, 560 F.3d at 244). When calculating a reasonable fee award, "the most critical factor" is "the degree of success obtained," and it is beyond dispute that Gonzalez achieved a fully successful outcome where the jury found NY Mart liable and awarded full damages for unpaid overtime and wages and also awarded additional damages under the MWPCL. *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Accordingly, the Court will award 100 percent of the lodestar amount.

NY Mart's argument that the attorney's fee award would exceed the amount of Gonzalez's total recovery of $50,000 does not alter this conclusion. The amount in controversy and the results obtained, the eighth *Johnson* factor, is "only one of many factors that a court should consider in

8

calculating an award" and does not require that the attorney's fee award be proportionate to the damages recovered. *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) (plurality opinion). That is particularly true in FLSA actions such as this one "where vulnerable plaintiffs may be vindicating important rights that entitle them to relatively modest compensation." *Reyes v. Clime*, No. PWG-14-1908, 2015 WL 3644639, at *4 (D. Md. June 8, 2015). Under these circumstances, the Court's award of $64,857.50 in attorney's fees is fully appropriate.

## V.   Costs

Finally, Gonzalez requests a total of $6,782.81 in litigation expenses, which include the filing fee and costs relating to service, depositions, transportation to trial, and required trial interpreters. The FLSA, MWHL, and MWPCL all provide for a prevailing plaintiff to be paid "costs" of the action by the defendant. 29 U.S.C. § 216(b); Md. Code Ann., Lab. & Empl. § 3-427(d)(1)(iii); Md. Code Ann., Lab. & Empl. § 3-507(b)(1). Upon review of the litigation expenses, the Court finds that all expense were reasonably incurred and will award the full $6,782.81 in litigation expenses.

## CONCLUSION

For the foregoing reasons, Gonzalez's Motion for Attorneys' Fees will be GRANTED IN PART and DENIED IN PART. The Motion is granted in that the Court will award $64,857.50 in attorney's fees and $6,782.81 in costs. It is otherwise denied. A separate Order shall issue.

Date: August 19, 2022

THEODORE D. CHUANG
United States District Judge